UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT MURRAY, KNOWN AS LEVITICUS
BOFMET LUCFER, DESCENDENT OF
HEBREW SLAVES,

                      Plaintiff,

              -against-

CITY OF NEW YORK; D.O.C. FOOD
SERVICE DEPT.; JOHN DOE,

                      Defendants.

25-CV-3629 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the George R. Vierno Center on Rikers Island, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Murray v. City of New York*, No. 24-CV-3758 (JGLC) (SDA) (S.D.N.Y. Apr. 4, 2025). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

---

[1] The court identified the following dismissals as strikes: *Murray v. Gillani*, No. 13-952 (2d Cir. May 16, 2013) (dismissing appeal, filed while Plaintiff was a prisoner, as frivolous); *Murray v. Nephew*, No. 9:12-CV-1783 (N.D.N.Y. Dec. 27, 2013) (dismissing entire action, filed while Plaintiff was a prisoner, for failure to state a claim on which relief may be granted); *Murray v. Fischer*, No. 9:12-CV-1782 (N.D.N.Y. July 31, 2013) (same).

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff, who identifies as a Black Hebrew, alleges that his kosher meals "are not being serve[d] in a spiritual – honorable and a noble way." (ECF 1, at 5.) Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

      The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:    May 6, 2025
            New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                            Chief United States District Judge